*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-187

SEPTEMBER TERM, 2015

| | | |
|---|---|---|
| John Rishar, Jr. | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Caledonia Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Kinney Drugs, et al. | } | DOCKET NO. 48-2-15 Cacv |

Trial Judge: Robert R. Bent

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals pro se from a superior court order dismissing his complaint for failure to state a claim. We affirm.

The record discloses that, in February 2015, plaintiff filed a pro se pleading styled as "Motion to Find Kinney Drugs and Northeast Kingdom Human Services in Contempt of an Order of Non-Hospitalization." The body of the pleading also named as defendants The White Market, Rite Aid Pharmacy, Porfido's Market and Deli, the Littleton Food Co-Op, the Town of Saint Johnsbury, the United States Government, the Commissioner of the Vermont Department of Children and Families, and the Commissioner of the Vermont Department of Environmental Conservation. The pleading sought to hold the named defendants "in contempt of his Order of Non-Hospitalization for taking active roles in supplying [plaintiff] with defective medication" that he was required to take under the order of non-hospitalization and that resulted in certain physical symptoms. In late March 2015, the trial court dismissed the motion/complaint for failure to state a cognizable cause of action against the named defendants. In April, in response to a motion for reconsideration, the court granted plaintiff an additional ten days to file an amended pleading "more specifically setting forth a legal claim." Thereafter, in early May, the court issued an order noting that plaintiff had filed an additional affidavit "reiterating the previous assertions," finding that plaintiff had failed to identify any basis for holding defendants to "any specific duties" relating to the allegations, and therefore reaffirmed the earlier dismissal order. The court also denied plaintiff's request to file an interlocutory appeal, although the order of dismissal was plainly a final judgment. This pro se appeal followed.[*]

Plaintiff's lengthy brief alleges, in summary, that the trial court violated his due process rights by ignoring facts showing that defendants and others "have flooded the market with defective groceries and water," that the trial court acted "as an agent for the US Secret Police/Government and State Government" to cover these actions and further "crimes against

---

[*] Although plaintiff has styled his appeal as from the "denial of an interlocutory appeal," the appeal is in, fact, from a final judgment; the court's denial of plaintiff's request for interlocutory appeal was procedurally superfluous.

humanity," and that he should be allowed to pursue his action to promote "wholesome groceries and water."

Although dismissal for failure to state a claim is generally "not favored," <u>Alger v. Dep't of Labor & Indus.</u>, 2006 VT 115, ¶ 12, 181 Vt. 309 (quotation omitted), it is appropriate where the facts alleged show beyond doubt that the defendants owed no duty under the order of non-hospitalization, the violation of which could result in an order of contempt.  See <u>In re Pannu</u>, 2010 VT 58, ¶ 19, 188 Vt. 279 (person may not be held in contempt of order unless order is specific and definite as to duties imposed).  That was the case here; plaintiff failed to allege any facts showing that the named defendants were in contempt of any applicable court order, in connection with the order of non-hospitalization.  Accordingly, we find no basis to disturb the judgment.

<u>Affirmed</u>.

BY THE COURT:


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice